08-4340-ag
Al Mamun v. Holder

BIA
A073 181 838

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand nine.

PRESENT:
>        HON. DENNIS JACOBS,
>                *Chief Judge,*
>        HON. ROGER J. MINER,
>        HON. REENA RAGGI,
>                *Circuit Judges.*

_____

SHAMIM AL MAMUN, a/k/a SHAMIN MARUM, a/k/a SHAMIN MAMUN,
>        *Petitioner,*

>        v.                                    08-4340-ag
>                                              NAC

ERIC H. HOLDER, JR.,*
U.S. ATTORNEY GENERAL, DEPARTMENT OF
HOMELAND SECURITY,
>        *Respondents.*

_____

*  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

FOR PETITIONER:        Barbara J. Brandes, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General, Civil Division, Carol Federighi, Senior Litigation Counsel, Jonathan Robbins, Trial Attorney, Office of Immigration Litigation, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shamim Al Mamun, a native and citizen of Bangladesh, seeks review of an August 5, 2008 order of the BIA denying his motion to reopen removal proceedings. *In re Shamim Al Mamun*, No. A073 181 838 (B.I.A. Aug. 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006).

An individual seeking to reopen proceedings is required to establish *prima facie* eligibility for the relief he is seeking, and his failure to do so provides a proper basis

for the agency to deny his motion.  *See INS v. Abudu*, 485 U.S. 94, 104 (1988); *Matter of Coelho*, 20 I. & N. Dec. 464, 472 (B.I.A. 1992).  We conclude that the BIA did not abuse its discretion in denying Al Mamun's motion to reopen, as it reasonably found that he failed to establish *prima facie* eligibility for relief.  *See Abudu*, 485 U.S. at 104.

Al Mamun argues that the BIA failed to consider the evidence he submitted indicating that Chowdhury Tanvir Ahmed Siddiqui, the person who would allegedly persecute Al Mamun should he be returned to Bangladesh, had climbed the ranks of the Bangladeshi National Party ("BNP") and had the power to have him killed.  However, the BIA reasonably found that the evidence Al Mamun submitted "suggest[s] that [Siddiqui] is not part of the caretaker government because the documents indicate that Chowdhury Siddiqui led a faction of the BNP in a dialogue with the Election Commission and the government."  Al Mamun argues that he is eligible for asylum, even if Siddiqui and the BNP are not part of the caretaker government, because Siddiqui has power and influence over the BNP, and the government is unable or unwilling to control him.  This argument is unavailing, as Al Mamun fails to identify specific evidence in the record

3

to establish Siddiqui's prominence in Bangladesh's political landscape, and he fails to explain what relationship existed, if any, between the BNP and the caretaker government such that the government would be unable or unwilling to control Siddiqui. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). Accordingly, we cannot conclude that the BIA abused its discretion in finding that Al Mamun's fear of Siddiqui was unfounded.

While Al Mamun's fear of persecution is based on his political beliefs with the Jatiya Party ("JP") in leading a demonstration in 1992, he argues also that his cultural and artistic activities in the United States are sufficient to show he will be persecuted if returned to Bangladesh. However, Al Mamun fails to explain how his activities in a Bangladeshi theater group in the United States bears a political dimension or how Siddiqu is likely to become aware of Al Mamun's activities with the theater group. Moreover, Al Mamun fails to establish why Siddiqui would have continuing interest in targeting him, since Al Mamun is no longer active in the JP. *Cf. Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (finding that an applicant

4

seeking to establish persecution on account of political opinion "must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief"). Accordingly, we find no abuse of discretion by the BIA, where Al Mamun failed to establish *prima facie* eligibility for asylum, withholding of removal, and CAT relief. *See Abudu*, 485 U.S. at 104; *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

We find meritless Al Mamun's other arguments, including the argument that the BIA incorrectly applied a "heavy burden" standard to his case.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____